# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **HUEY HEBERT** | **CASE NO. 6:23-CV-01124** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Commissioner's Motion to Dismiss Plaintiff's Complaint for failure to exhaust administrative remedies. (Rec. Doc. 4). Plaintiff did not file an opposition. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the Commissioner's motion be granted.

Plaintiff appealed the denial of his social security benefits by filing a complaint pursuant to 42 U.S.C. §405(g), which provides for judicial review as foll

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

    notice of such decision or within such further time as the Commissioner of Social Security may allow.

The applicable social security regulations mandate that a claimant first seek review of the Commissioner's decision by submitting his claim to the Appeals Council. 20 C.F.R. § 422.210. Failure to seek Appeals Council review prior to filing an action in federal court constitutes a failure to exhaust administrative remedies and warrants dismissal for lack of subject matter jurisdiction:

> A claimant may only obtain judicial review of a case arising under the Social Security Act if he has first exhausted all available administrative remedies. This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council. Because [the claimant] failed to exhaust these administrative remedies when he withdrew his hearing request, the district court correctly concluded that it did not have subject-matter jurisdiction over this case.

*Celestine v. Soc. Sec. Admin.,* 486 F. App'x 418, 419 (5th Cir. 2012) (citations omitted).

The Commissioner presented evidence that the Administrative Law Judge issued an unfavorable decision on July 18, 2023, and that Claimant did not appeal the ALJ's decision to the Appeals Council. (Rec. Doc. 4-2). Claimant did not oppose the Commissioner's motion to dismiss or offer any countervailing evidence. Accordingly, the Court finds that Claimant failed to exhaust his administrative remedies and recommends that the case be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 15th day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE